UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COMMSCOPE, Inc. of North Carolina,

                Plaintiff,

v.                                                     1:10-CV-1322
                                                          (GTS/DRH)
COMMSCOPE (U.S.A.) International Group Co., Ltd.

                Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

HESLIN ROTHENBERG FARLEY & MESITI P.C.     NICHOLAS MESITI, ESQ.
  Counsel for Plaintiff
5 Columbia Circle
Albany, NY 12203

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Currently before the Court in this trademark infringement action, filed by CommScope, Inc., of North Carolina ("Plaintiff") against Commscope (U.S.A.) International Group Co., Ltd. ("Defendant"), is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b).  (Dkt. No. 12, Attach 3.)  For the reasons set forth below, Plaintiff's motion is granted.

**I.**       **RELEVANT BACKGROUND**

      **A.**       **Plaintiff's Complaint**

       Liberally construed, Plaintiff's Complaint asserts the following six claims against Defendant: (1) trademark infringement under the Lanham Act; (2) false designation of origin under the Lanham Act; (3) trademark infringement under New York State common law and N.Y. Gen. Bus. Law § 360-k; (4) injury to business reputation and dilution under New York State

common law and N.Y. Gen. Bus. Law § 360-l; (5) unfair competition under New York State common law; and (6) deceptive acts and practices under New York State common law and N.Y. Gen. Bus. Law § 349.  (Dkt. No. 1.)  Generally, in support of these claims, Plaintiff's Complaint alleges, among other things, that Defendant has used Plaintiff's registered trademark in association with its sale of goods or services similar to those sold by Plaintiff (i.e., communications products), without Plaintiff's permission, in both the United States and China. (*Id*.)  Familiarity with the remaining factual allegations supporting these five claims is assumed in this Decision and Order, which is intended primarily for review by the parties.

### B. Plaintiff's Service of Its Complaint and Defendant's Failure to Answer

On November 4, 2010, Plaintiff served its Complaint on Defendant.  (Dkt. No. 7.)  As of the date of this Decision and Order, Defendant has filed no Answer to that Complaint.  (*See generally* Docket Sheet.)

### C. Clerk's Entry of Default and Defendant's Non-Appearance

On December 3, 2010, Plaintiff filed and served a request that the Clerk of the Court enter Defendant's default pursuant to Fed. R. Civ. P. 55(a).  (Dkt. No. 9.)  On December 6, 2010, the Clerk entered such default.  (Dkt. No. 11.)  As of the date of this Decision and Order, Defendant has not appeared and/or attempted to cure that entry of default.  (*See generally* Docket Sheet.)

### D. Plaintiff's Motion for Default Judgment and Defendant's Non-Response

On January 3, 2011, Plaintiff filed and served a motion for default judgment pursuant to Fed. R. Civ. P. 55(b).  (Dkt. Nos. 12-13.)  As of the date of this Decision and Order, Defendant has filed no response to that motion.  (*See generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Plaintiff argues that it has satisfied the two-step default judgment process required by Fed. R. Civ. P. 55. (Dkt. No. 12, Attach 3, at 5.) Familiarity with the particular grounds of Plaintiff's motion for default judgment is assumed in this Decision and Order, which is intended primarily for review of the parties.

## II.     RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).

## III.    ANALYSIS

### A.     Liability

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest threshold burden in establishing entitlement to a default judgment against Defendant on the issue of liability, under the circumstances.[1] The Court notes that

---

[1] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested

Plaintiff's motion on the issue of liability would survive even the heightened scrutiny appropriate on a contested motion.

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendant. However, no Answer has been filed and no one has appeared on behalf of Defendant. In addition, the Clerk has already entered default against Defendant, and Plaintiff has served Defendant with its motion for the issuance of default judgment. However, Defendant has still neither responded to the motion nor appeared in this action. Finally, the Court finds that the factual allegations of the Complaint are sufficient to state a claim upon which relief can be granted. *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

More specifically, Plaintiff asserts six claims in this action. As stated above in Part I.A. of this Decision and Order, two of these claims are for trademark infringement and false designation of origin under the Lanaham Act, two are for trademark infringement and unfair competition under New York law, one is for injury to business reputation and dilution under New York General Business Law § 360-l, and one is for deceptive and unfair trade practices under § 349 of New York General Business Law.

---

therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

4

### 1.  Plaintiff's Causes of Action for Trademark Infringement and False Designation of Origin Under the Lanham Act

A plaintiff's factual allegations, except those relating to damages, must be accepted as true where, as here, the defendant defaults. *See*, *e.g.*, *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997) ("[A] default judgment deems all the well-pleaded allegations in the pleadings to be admitted."). As a result, the sole issue before the Court is whether Plaintiff has provided adequate support for the relief it seeks. *Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp.2d 117, 119 (S.D.N.Y. 2008).

After carefully considering the matter, the Court finds that the facts alleged in the Complaint plausibly suggest liability for trademark infringement and false designation of origin under the Lanham Act. "To succeed on . . . Lanham Act claims, [a Plaintiff] must show that it has a valid mark that is entitled to protection under the Lanham Act and that [the Defendant's] actions are likely to cause confusion with [Plaintiff's] mark." *The Sports Auth., Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 960 (2d Cir. 1996) (citing *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1075 [2d Cir. 1993] and 15 U.S.C. §§ 1114[1], 1125[a][1][A]); *see also Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp.2d 448, 454 (S.D.N.Y. 2005); *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp.2d 284, 287 (S.D.N.Y. 2003).

Here, Plaintiff alleges that it is the owner of eleven (11) federally registered and common law trademarks. (Dkt. No. 1 at 4.)[2] Plaintiff's trademark was federally registered on November 29, 1994. (Dkt. No. 12, Attach 7.) Defendant was incorporated under the name "Commscope

---

[2]  Plaintiff attached as Exhibit B to its motion for default judgment a Principal Trademark Register from the U.S. Patent and Trademark Office showing the "COMMSCOPE" name and date of registration. (Dkt. No. 12, Attach 7.)

(USA) International Group Co., Ltd.," in New York State on May 14, 2008,[3] i.e., almost fourteen years after it is presumed to have known of Plaintiff's trademark. This satisfies the first prong of the test. *See Gruner*, 991 F.2d at 1076 ("[A] mark registered by its owner shall be prima facie evidence of the registrant's exclusive right to use the mark in commerce on the product.")

To satisfy the second prong, Plaintiff alleges as follows: (1) it sells the same products as does Defendant; (2) its name is almost identical to Defendant's name; (3) it is "an industry leader in the innovation, development, manufacture and sale of communications infrastructure products[,] . . . [generating] billions of dollars in sales of these products each year worldwide. . . .";[4] (4) its trademarks are "associated with the strong reputation and high quality of products that [Plaintiff] manufactures, offers for sale and sells";[5] and (5) Defendant's use of the CommScope trademark and/or the corporate name, Commscope (U.S.A.) International Group Co., Ltd., in connection with the sale, offer for sale and licensing for sale of communications infrastructure products is likely to cause confusion, mistake, or deceive as to the affiliation, connection or association of Defendant with CommScope, or as to the origin, sponsorship, or approval of the Defendant's products by CommScope.

Accepting these allegations as true, the Court finds that Plaintiff has plausibly suggested a likelihood of confusion between the parties' business names. As a result, Defendant is liable for trademark infringement and false designation of origin under the Lanham Act.

---

[3] (Dkt. No. 12, Attach. 8.)

[4] (Dkt. No. 1 at ¶ 6.)

[5] (Dkt. No. 1 at ¶ 7.)

> **2.  Plaintiff's Causes of Action for Trademark Infringement and Unfair Competition Under New York Law**

Having established Defendant's liability for trademark infringement under the Lanham Act, Plaintiff has also established liability under New York State common law. *See Artemis Mktg. Corp. v. Rooms 2 Go Furniture, Inc.*, 09-CV-2413, 2009 WL 3247008, at *1 (E.D.N.Y. Oct. 6, 2009) (citing *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp.2d 448, 456 [S.D.N.Y. 2005]). Plaintiff can also establish liability on its unfair competition claims under New York State common law by showing that Defendant's infringement was in bad faith. *See Pita v. Tulcingo Car Serv., Inc.*, 10-CV-0481, 2011 WL 1790833, at *5 (citing *Jeffrey Milstein v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 [2d Cir. 1995]). A determination of bad faith centers around "whether the defendant adopted its mark with the intention of capitalizing on plaintiff's reputation and goodwill, and any confusion between his and the senior user's product." *Lang v. Ret. Living Pub. Co.*, 949 F.2d 576, 583 (2d Cir. 1991). "A defendant's awareness of the plaintiff's mark may give rise to an inference of bad faith, which is bolstered if the defendant offers no credible explanation for its adoption of the mark." *Pita*, 2011 WL 1790833, at *5 (citing *Artisan Mfg. Corp. v. All Granite & Marble Corp.*, 559 F. Supp.2d 442, 452 [S.D.N.Y. 2008]).

Here, Plaintiff has alleged facts plausibly suggesting that Defendant willfully adopted (and used in commerce) a name that it almost identical to Plaintiff's trademark, which is well-known in the communications industry. Plaintiff has further alleged facts plausibly suggesting that Defendant selected and registered its corporate name to be confusingly similar to Plaintiff's CommScope trademark.

Accepting these allegations as true, the Court finds that Plaintiff has plausibly suggested that Defendant's registration and use of its corporate name was done in bad faith.

As a result, Defendant is liable for trademark infringement and unfair competition under New York State common law.

### 3. Plaintiff's Cause of Action for Injury to Business Reputation and Dilution Under New York General Business Law § 360-l

Section 360-l of New York's General Business Law provides a plaintiff with injunctive relief in cases where there is a "[l]ikelihood . . . of dilution of the distinctive quality of a mark or trade name." N.Y. Gen. Bus. Law § 360-l. The Second Circuit has defined dilution "as either the blurring of a mark's product identification or the tarnishment of the affirmative associations a mark has come to convey." *Deere & Co. v. MTD Prods., Inc.*, 41 F.3d 39, 42-43 (2d Cir. 1994) (internal quotation marks omitted). Dilution can occur "in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." N.Y. Gen. Bus. Law § 360-l. "Thus, in order to prevail on a claim under section 360-l, a plaintiff must prove that (1) its mark possesses a 'distinctive quality capable of dilution[,]' and (2) there is a likelihood of such dilution." *Lyons P'Ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp.2d 104, 116 (E.D.N.Y. 2010) (quoting *Johnson & Johnson Consumer Cos., Inc. v. Aini*, 540 F. Supp.2d 374, 394 [E.D.N.Y. 2008]). "Distinctiveness, in this context, is measured by 'the strength of a mark for infringement purposes.'" *Lyons P'Ship, L.P.*, 702 F. Supp.2d at 116 (quoting *Johnson & Johnson Consumer Cos., Inc.*, 540 F. Supp.2d at 394).

Plaintiff has alleged ownership of U.S. Trademark Registration No. 1,865,198 for the trademark "COMMSCOPE."  (Dkt. No. 1 at ¶ 8.)  Plaintiff has further alleged that "[t]he use of the name 'Commscope' by Defendant in connection with goods and services, the use of the corporate name Commscope (U.S.A.) International Group Co., Ltd by Defendant, and the licensing by Defendant of the word 'Commscope' to third parties both in the United States and abroad are likely to injure the business reputation and/or dilute the distinctive quality of Plaintiff's marks and trade name."  (*Id*. at ¶ 29.)

Accepting these allegations as true, the Court finds that Plaintiff has plausibly suggested that Defendant's registration and use of its corporate name has diluted Plaintiff's business name and reputation.

As a result, Defendant is liable for injury to business reputation and dilution under § 360-l of New York General Business Law.

> 4. **Plaintiff's Cause of Action for Deceptive and Unfair Trade Practices Under § 349 of New York General Business Law**

Section 349 of the New York General Business Law proscribes "[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York.  "A party challenging an act or practice under Section 349 must show that[] (1) defendant engaged in a consumer-oriented act, (2) that the consumer-oriented act was misleading in a material way, and (3) that plaintiff consequently suffered injury."  *GTFM, Inc. v. Solid Clothing, Inc*., 215 F. Supp.2d 273, 301-02 (S.D.N.Y. 2002) (citing, *inter alia*, *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 [N.Y. 2000]).

Plaintiff has alleged facts plausibly suggesting that Defendant intentionally registered its corporate name to be confusingly similar to Plaintiff's CommScope trademark.  Plaintiff has

further alleged facts plausibly suggesting that it has suffered, and will continue to suffer, damages as a result of Defendant's use of its confusingly similar corporate name. Accepting these allegations as true, the Court finds that Defendant has engaged in a consumer-oriented act that was misleading in a material way, and that such action caused Plaintiff to suffer injury.

As a result, Defendant is liable for deceptive and unfair trade practices under § 349 of New York General Business law.

For these reasons, the Court grants Plaintiff's motion for the issuance of a default judgment on the issue of liability with regard to the five above-referenced claims pursuant to Fed. R. Civ. P. 55(b).

**B.      Requested Relief**

In its Complaint, Plaintiff requests that the Court (1) permanently enjoin Defendant from further violating Plaintiff's trademark rights,[6] (2) order Defendant to account for and pay Plaintiff all damages caused by Defendant's violation of Plaintiff's trademark rights, (3) order the Secretary of New York State to strike from its register of corporations the name "Commscope (USA) International Group Co., Ltd.," and (4) order Defendant to pay pre- and post-judgment interest and attorney's fees. However, in its motion for default judgment, Plaintiff requests only injunctive relief. More specifically, Plaintiff seeks the following: (1) a permanent injunction, enjoining "its officers, directors, agents, servants, employees, attorneys,

---

[6]      More specifically, Plaintiff requests that the Court order Defendant to permanently (1) cease using its corporate name, or any other name which includes the term "Commscope," or any confusingly similar variations, (2) cease granting licenses to others to use its corporate name or any other name which includes the term "Commscope," or any confusingly similar variations, and (3) abstain from filing with New York State in the future a corporate name that includes the term "Commscope" or confusingly similar variations.

parents, subsidiaries, affiliates, successors, related companies, and all others in active concert or participation with them or acting on their behalf" from (a) using the CommScope trademark, and any other trademark owned by Plaintiff, and any other trademark that is likely to cause confusion with the CommScope trademark or any other mark owned by Plaintiff, (b) using Defendant's corporate name, or any other name which includes the term "Commscope," or any confusingly similar variations thereof, (c) granting licenses, assignments, and/or any other contractual rights to others to use Defendant's corporate name, or any other name which includes the term "Commscope," or any confusingly similar variations thereof, or (d) filing one or more future corporate names that include the term "Commscope" or confusingly similar variations thereof; (2) an order declaring as void, with respect to the use of any of Plaintiff's trademarks, the license between Defendant and Ningbo Compsis International Trading Co., Ltd.; (3) an order directing Defendant to take any and all actions necessary to remove the term "Commscope" from the register of corporations maintained by the New York Department of State, within ten days after entry of default judgment; and (4) an order directing the New York Department of State to strike from its register of corporations the name "Commscope (USA) International Group Co., Ltd.," and/or change the name "Commscope (USA) International Group Co., Ltd." to "Company ABC," or another name to be selected by the New York Department of State that does not include the term "Commscope" or any term confusingly similar thereto, and/or dissolve the corporation Commscope (U.S.A.) International Group Co., Ltd., should Defendant fail to remove the term "Commscope" from the register of corporations maintained by the New York Department of State within 10 days after entry of default judgment.

"A court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute, and (2) it meets the prerequisites for the issuance of an injunction." *Pitbull Prods., Inc. v. Univ. Netmedia, Inc.*, 07-CV-1784, 2007 WL 3287368, at *5 (S.D.N.Y. Nov. 7, 2007) (quoting *Kingvision Pay-Per-View Ltd. v. Lalaleo*, 429 F. Supp.2d 506, 516 [E.D.N.Y. 2006]); *see also La Barbera v. Les Sub-Surface Plumbing, Inc.*, 06-CV-3343, 2008 WL 906695, at *10 (E.D.N.Y. Apr. 3, 2008). Under § 34 of the Lanham Act, a district court has "the power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116. As a result, the first prong of the inquiry is satisfied.

To satisfy the second condition, "a party seeking a[n] . . . injunction must demonstrate irreparable harm and the absence of an adequate remedy at law." *Kingvision Pay-Per-View Ltd.*, 429 F. Supp.2d at 516 (citing *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 57 [1975]); *see also Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp.2d 284, 290 (S.D.N.Y. 2003) ("To obtain a permanent injunction, [the requesting party] must demonstrate (1) actual success on the merits and (2) irreparable harm.").

Defendant's default constitutes an admission of liability. As a result, Plaintiff has established success on the merits. *See Pitbull Prods., Inc.*, 2007 WL 3287368, at *6. Furthermore, "[i]n a trademark case, irreparable injury is established where there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question." *Lobo Enters., Inc. v. Tunnel, Inc.*, 822 F.2d 331, 333 (2d Cir. 1987) (internal citation and quotation marks omitted); *see also Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005) ("In

trademark disputes, a showing of likelihood of confusion establishes . . . irreparable harm.") (internal quotation marks omitted).  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has alleged likelihood of confusion and thus also established irreparable injury.  *See Pitbull Prods., Inc.*, 2007 WL 3287368, at *6.

The remaining inquiry is whether there is an adequate remedy at law.  Plaintiff alleges that there is no adequate remedy at law with respect to its request that the Court order Defendant to cease using its corporate name, or any other name which includes the term "Commscope," inasmuch as Defendant's infringing use of its corporate name will continue unless Defendant is restrained.  Plaintiff also alleges that Defendant's infringement was (and is) willful.  Finally, in its memorandum of law, Plaintiff argues that its damages are difficult, if not impossible, to calculate, because the damages involve Plaintiff's reputation.

Accepting Plaintiff's allegations as true, the Court finds that an injunction requiring Defendant to cease using its corporate name, or any other name which includes the term "Commscope," should be granted.  Other courts have similarly required infringers to cease using a company name that is confusingly similar to a protected trademark.  *See, e.g., De Venustas v. Venustas Int'l, LLC*, 07-CV-4530, 2007 WL 2597122, at *8 (S.D.N.Y. Sept. 11, 2007) (granting plaintiff's request for a permanent injunction,  enjoining defendant "from using the name Venustas International LLC., and from using any name incorporating the term 'Venustas' as the name of its business or to denote its beauty product-related services"); *Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 15 F. Supp.2d 389, 401 (S.D.N.Y. 1998) (granting plaintiff's request for a permanent injunction,  enjoining defendant "from imitating, copying, using, reproducing, displaying, or authorizing or aiding any third party to imitate, copy, use, reproduce

or display the corporate name and trademark, 'Lane Capital Management,' or any confusingly similar name or mark in connection with its services on a nationwide basis").

Given Defendant's default in this action and willful infringement, such injunctive relief is necessary to protect Plaintiff's rights.

As a result, Plaintiff's request for injunctive relief is granted to the extent such relief is requested against Defendant.  Defendant (as well as its agents and assigns) are hereby permanently enjoined from (1) using the CommScope trademark, and any other trademark owned by Plaintiff, and any other trademark that is likely to cause confusion with the CommScope trademark or any other trademark owned by Plaintiff, (2) granting licenses, assignments, and/or any other contractual rights to others to use Defendant's corporate name, or any other name which includes the term "Commscope," or any confusingly similar variations thereof, and (3) filing one or more future corporate names that include the term "Commscope" or confusingly similar variations thereof.  Within thirty (30) days of the date of this Decision and Order, Defendant must take any and all actions necessary to remove the term "Commscope" from the register of corporations maintained by the New York Department of State.

In the event that Defendant fails to do so, and/or continues using its corporate name, or any other name that is confusingly similar to any of Plaintiff's marks, Defendant may be held in contempt, subject to a penalty.  *See Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 6 (2d Cir. 1989) ("Contempt sanctions are to be imposed 'once the plaintiff has proved that he has suffered harm because of a violation of the terms of an injunction[.]'") (quoting *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 [2d Cir. 1979]).

However, the Court declines to direct the Secretary of State to dissolve Defendant's corporate name in the event that Defendant fails to do so.  This is because, among other things, injunctive relief may not ordinarily be issued against non-parties and Plaintiff "has not briefed the legal standards for issuing injunctions against non-parties, . . . or discussed how those standards would support the injunction requested here."  *Pitbull Prod., Inc*., 2007 WL 3287368, at \*7.  The Court would add only that, while a state court may issue sch relief,[7] a federal court is seemingly without the same authority.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter **DEFAULT JUDGMENT** in Plaintiff's favor against Defendant pursuant to Fed. R. Civ. P. 55(b); and it is further

**ORDERED** that Defendant (as well as its agents and assigns) are hereby **PERMANENTLY ENJOINED** from (1) using the CommScope trademark, and any other trademark owned by Plaintiff, and any other trademark that is likely to cause confusion with the CommScope trademark or any other trademark owned by Plaintiff, (2) granting licenses, assignments, and/or any other contractual rights to others to use Defendant's corporate name, or any other name which includes the term "Commscope," or any confusingly similar variations thereof, and (3) filing one or more future corporate names that include the term "Commscope" or confusingly similar variations thereof; and it is further

---

[7]  *See Shigoto Int'l Corp. v. Cuomo*, 101 Misc.2d 646, 647-48 (N.Y. Sup. Ct. 1979) ("directing the . . . Secretary of State to strike the names Shigoto Far East Importers, Ltd., and Sekai Far East Importers, Ltd., from the index of authorized foreign corporations").

**ORDERED** that, within **THIRTY (30) DAYS** of the date of this Decision and Order, Defendant take any and all actions necessary to **REMOVE** the term "Commscope" from the register of corporations maintained by the New York Department of State. In the event Defendant fails to do so, and/or continues using its corporate name, or any other name that is confusingly similar to any of Plaintiff's marks, Defendant may be held in **CONTEMPT**, and subject to penalty.

Date: August 18, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge